IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| BENNY C. FIELDS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-01055-JDB-tmp |
| | ) |
| FRANK STRADA et al., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING CASE WITHOUT PREJUDICE
FOR FAILURE TO PROSECUTE AND COMPLY WITH A COURT ORDER

On March 14, 2024, Plaintiff, Benny C. Fields, who is incarcerated at Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se Bivens* complaint under 28 U.S.C. § 1331. (Docket Entry ("D.E." 1.) Plaintiff did not pay the $405 civil filing fee or submit a properly completed application to proceed *in forma pauperis*. Fields filed an unsigned form not used by this Court. (D.E. 2.) On March 15, 2024, the Court issued an order directing Plaintiff to comply with 28 U.S.C. § 1915(a)(1)–(2) or pay the entire $405 civil filing fee.[1] (D.E. 4.). On April 1, 2024, the Plaintiff filed a motion for leave to proceed *in forma pauperis*. (D.E. 5.). However, the motion was not accompanied by a copy of his prison trust account statement. (*Id.*) Thus, on April 16, 2024, this Court issued a second order directing the Plaintiff to comply with 28 U.S.C. § 1915(a)(2) or pay the $405 civil filing fee. (D.E. 6.) The Court advised the Plaintiff that if he did not comply, the Court would "deny leave to proceed *in forma pauperis*, assess the entire filing fee of $405 from his trust account without regard to the installment payment procedures, and dismiss

---

[1] The civil filing fee is $350.  28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires an additional administrative fee of $55.  *Id.*

the action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id.* at PageID 30 (citation omitted))  As of August 19, 2024, the Plaintiff has not submitted a copy of his prison trust account statement or otherwise responded to the Court's order.

Rule 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order . . . ."  Fed. R. Civ. P. 41(b).  "[A] district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citations omitted).  The authority to dismiss is a necessary tool for a district court's docket management, *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 76 F.3d 359, 362–63 (6th Cir. 1999)); however, "such a dismissal is a harsh sanction which the court should only order in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) (citation and internal quotation marks omitted).

A district court considering whether to dismiss under Rule 41 should consider four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary party was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Richter v. Am. Aggregates Corp.*, 522 F. App'x 253, 259 (6th Cir. 2013) (quoting *Knoll*, 176 F.3d at 363).  While no one factor is outcome determinate, "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Beginning with the first factor, for a plaintiff's actions to constitute bad faith, willfulness, or fault, he must "display either an intent to thwart judicial proceedings or a reckless disregard for

the effect of [his] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Although there is no evidence of bad faith on Mr. Fields' part, his failure to obey the Court's April 16, 2024, order, despite the Court's warning that failure to respond within thirty days would result in dismissal, indicates willfulness or fault. *See Howe v. Worley*, Case No. 2:21-cv-00006, 2022 WL 1164918, at *2 (M.D. Tenn. Apr. 19, 2022), *report and recommendation adopted*, 2022 WL 1164018 (M.D. Tenn. Apr. 19, 2022). While "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant," *Daniels v. Napoleon*, Civ. A. No. 14-10609, 2014 WL 6669116, at *3 (E.D. Mich. Nov. 24, 2014) (quoting *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008)), "the generous latitude afforded to pro se litigants by the courts with respect to their pleadings does not extend to readily understood orders and deadlines." *Profit v. Ohio*, Case No. 1:19CV384, 2019 WL 4141662, at *2 (N.D. Ohio Aug. 30, 2019) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

The second factor concerns prejudice to the defendant. *Richter*, 522 F. App'x at 259. This case is in the earliest stages of litigation and summons has not been issued to execute. As such, the Defendants have yet to appear and are unlikely to suffer any prejudice with dismissal. Still, it remains that "[a]ll parties have a right to a just and prompt resolution of their cases[;] [t]he failure to advance litigation . . . prejudices the [Defendants] and reflects the type of situation where the [c]ourt should intervene." *Stacker v. Wal-Mart Inc.*, Civil No. 3:20-cv-901, 2021 WL 6495024, at *3 (M.D. Tenn. Dec. 9, 2021), *report and recommendation adopted*, 2022 WL 125023 (M.D. Tenn. Jan. 12, 2022).

The third factor, notice, is "key" to a court's determination as to whether dismissal is appropriate. *Schafer*, 529 F.3d at 737 (citation omitted). Here, the Court informed the Plaintiff in both its March 15 and April 16, 2024, orders that a failure to comply with the Court's direction would result in dismissal of his case. (D.E. 4, 6.) Because there is no indication from the record that the Plaintiff did not receive the April 16 order notifying him of what was required and the consequences of noncompliance, this factor favors dismissal.

Finally, the fourth factor contemplates "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Richter*, 522 F. App'x at 259. Because the Court is ordering dismissal without prejudice, it is imposing a "less severe sanction" than what is authorized by Rule 41(b). *Hill v. General Motors Corp.*, 897 F.2d 529, at *3 n. 2 (6th Cir. 1990) (unpublished table decision). Considering the circumstances of this case, the Court cannot conceive of any other sanction short of dismissal that would have motivated the Plaintiff to prosecute his case.

For the reasons articulated herein, the factors to be considered by the Court weigh in favor of dismissal. Therefore, Plaintiff's motion to proceed *in forma pauperis is* DENIED and this lawsuit is DISMISSED WITHOUT PREJUDICE for failure to prosecute and comply with court orders pursuant to Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 21st day of August 2024.

s/ J. DANIEL BREEN  
UNITED STATES DISTRICT JUDGE